1                                                                                          MDR

2   **WO**

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9   William Chapman Mach,                 )   No. CV 11-1734-PHX-DGC (MEA)
                                          )
10            Plaintiff,                   )   **ORDER**
                                          )
11  vs.                                    )
                                          )
12                                         )
    State of Arizona, et al.,              )
13                                         )
              Defendants.                  )
14                                         )
                                          )
15

16          Plaintiff William Chapman Mach, who is confined in the Arizona State Prison

17  Complex-Florence in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant

18  to 42 U.S.C. § 1983 (Doc. 1) and has invoked the Court's supplemental jurisdiction over his

19  state law claims.  He has also filed an Application to Proceed *In Forma Pauperis* (Doc. 2).

20  The Court will order Defendants Ryan and Kendall to answer Counts One and Three of the

21  Complaint and will dismiss the remaining claims and Defendants without prejudice.

22  **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

23          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

24  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

25  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

26  fee will be collected monthly in payments of 20% of the previous month's income each time

27  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

**TERMPSREF** 28

1  separate Order requiring the appropriate government agency to collect and forward the fees

2  according to the statutory formula.

3  **II.     Statutory Screening of Prisoner Complaints**

4      The Court is required to screen complaints brought by prisoners seeking relief against

5  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.

9  28 U.S.C. § 1915A(b)(1), (2).

10      A pleading must contain a "short and plain statement of the claim *showing* that the

11  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

12  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

13  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

14  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements, do not suffice."  Id.

16      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

19  that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

21  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

22  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

23  allegations may be consistent with a constitutional claim, a court must assess whether there

24  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

25      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

26  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

27  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

28

1  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

2  94 (2007) (*per curiam*)).

3  **III.    Complaint**

4          In his three-count Complaint, Plaintiff sues the following Defendants: the State of

5  Arizona, the Arizona Department of Corrections (ADOC), ADOC Director Charles L. Ryan,

6  and Facility Health Administrator Dennis R. Kendall.

7          In Count One, Plaintiff alleges that he was refused medical care in violation of the

8  Eighth Amendment prohibition against cruel and unusual punishment.  Plaintiff asserts that

9  he sought medical attention for an inguinal hernia toward the end of 2009, that a doctor

10  diagnosed him as having a "reducible inguinal hernia" that was outside the guidelines for

11  surgical repair, that the doctor sought an exception to the surgery policy, but the exception

12  was denied.  He contends that a surgeon recommended surgery for the hernia in December

13  2010, but Defendants Kendall and Ryan denied Plaintiff's request for surgical repair of the

14  hernia.  Plaintiff contends that Defendant Ryan and Kendall were aware of the Plaintiff's

15  suffering from the hernia, knew that the hernia could only be resolved by a simple surgical

16  intervention, yet "elected to deny Plaintiff the necessary medical treatment, based solely on

17  cost considerations."

18          In Count Two, Plaintiff alleges that Defendants have acted negligently, in violation

19  of state tort law, based on their denial of medical care and "negligent omission to observe

20  statutory mandates."    Plaintiff alleges that, pursuant to Arizona Revised Statutes

21  § 31-201.01(F), "this tort claim runs only against the State of Arizona."

22          In Count Three, Plaintiff asserts that Defendants charge him a fee for his visits to the

23  health clinic and that this fee "established a contractual relationship with Plaintiff, whereby

24  Defendants agreed to provide medical care according to the norms established by the medical

25  profession in the community at large."  Plaintiff contends that Defendants have breached the

26  contract by "disregard[ing] said norms" and "have arrogated unto themselves the right to

27  define 'needed' medical care."

28          In his Request for Relief, Plaintiff seeks monetary damages.

1  **IV.   Failure to State a Claim**

2  **A.   Improper Defendants**

3  The State of Arizona and the Arizona Department of Corrections are not proper

4  Defendants.  Under the Eleventh Amendment to the Constitution of the United States, a state

5  or state agency may not be sued in federal court without its consent.  <u>Pennhurst State Sch.</u>

6  <u>& Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th

7  Cir. 1989).  Furthermore, as to Plaintiff's § 1983 claim, "a state is not a 'person' for purposes

8  of section 1983.  Likewise 'arms of the State' such as the Arizona Department of Corrections

9  are not 'persons' under section 1983."  <u>Gilbreath v. Cutter Biological, Inc.</u>, 931 F.2d 1320,

10  1327 (9th Cir. 1991) (citation omitted).

11  In addition, although Arizona Revised Statutes § 31-201.01(F) amounts to a waiver

12  of Arizona's immunity from suit *in its own courts*, the Supreme Court "consistently has held

13  that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh

14  immunity in the federal courts."  <u>Pennhurst</u>. 465 U.S. at 99 n.9.  Courts should find waiver

15  of a State's Eleventh Amendment immunity "only where stated 'by the most express

16  language or by such overwhelming implications from the text as (will) leave no room for any

17  other reasonable construction."  <u>Edelman v. Jordan</u>, 415 U.S. 651, 673 (1974) (quoting

18  <u>Murray v. Wilson Distilling Co.</u>, 213 U.S. 151, 171 (1909) (parenthesis in <u>Edelman</u>)).

19  Arizona Revised Statutes § 31-201.01(F) contains no such language regarding Arizona's

20  consent to be sued in federal courts.

21  Therefore, the Court will dismiss Defendants State of Arizona and Arizona

22  Department of Corrections.  Moreover, because Defendant State of Arizona is the only

23  proper Defendant in Count Two, the Court will dismiss Count Two.

24  **V.   Claims for Which an Answer Will be Required**

25  Liberally construed, Plaintiff has stated claims against Defendants Ryan and Kendall

26  in Counts One and Three.  The Court will require Defendants Ryan and Kendall to answer

27  those claims.

28  . . . .

TERMPSREF                                                          - 4 -

1  **VI.     Warnings**

2          **A.      Release**

3          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

4  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

5  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

6  in dismissal of this action.

7          **B.      Address Changes**

8          Plaintiff must file and serve a notice of a change of address in accordance with Rule

9  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

10 relief with a notice of change of address.  Failure to comply may result in dismissal of this

11 action.

12         **C.      Copies**

13         Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

14 of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

15 stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

16 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

17 may result in the filing being stricken without further notice to Plaintiff.

18         **D.      Possible Dismissal**

19         If Plaintiff fails to timely comply with every provision of this Order, including these

20 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

21 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

22 comply with any order of the Court).

23 **IT IS ORDERED:**

24         (1)      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

25         (2)      As required by the accompanying Order to the appropriate government agency,

26 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

27         (3)      Count Two and Defendants State of Arizona and Arizona Department of

28 Corrections are **dismissed**.

1    (4)    Defendants Ryan and Kendall must answer Counts One and Three.

2    (5)    The Clerk of Court must send Plaintiff a service packet including the

3 Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

4 Defendant Ryan and Kendall.

5    (6)    Plaintiff must complete[1] and return the service packet to the Clerk of Court

6 within 21 days of the date of filing of this Order.  The United States Marshal will not provide

7 service of process if Plaintiff fails to comply with this Order.

8    (7)    If Plaintiff does not either obtain a waiver of service of the summons or

9 complete service of the Summons and Complaint on a Defendant within 120 days of the

10 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

11 action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

12 16.2(b)(2)(B)(i).

13    (8)    The United States Marshal must retain the Summons, a copy of the Complaint,

14 and a copy of this Order for future use.

15    (9)    The United States Marshal must notify Defendants of the commencement of

16 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

17 Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The**

18 **Marshal must immediately file signed waivers of service of the summons.  If a waiver**

19 **of service of summons is returned as undeliverable or is not returned by a Defendant**

20 **within 30 days from the date the request for waiver was sent by the Marshal, the**

21 **Marshal must**:

22    (a)    personally serve copies of the Summons, Complaint, and this Order upon

23 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

24    (b)    within 10 days after personal service is effected, file the return of service

25 for Defendant, along with evidence of the attempt to secure a waiver of service of the

26

27    [1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.

28 Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

1    summons and of the costs subsequently incurred in effecting service upon Defendant.

2    The costs of service must be enumerated on the return of service form (USM-285) and

3    must include the costs incurred by the Marshal for photocopying additional copies of

4    the Summons, Complaint, or this Order and for preparing new process receipt and

5    return forms (USM-285), if required.  Costs of service will be taxed against the

6    personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

7    Procedure, unless otherwise ordered by the Court.

8        (10)   **A Defendant who agrees to waive service of the Summons and Complaint**

9    **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

10       (11)   Defendants must answer the Complaint or otherwise respond by appropriate

11   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

12   Rules of Civil Procedure.

13       (12)   Any answer or response must state the specific Defendant by name on whose

14   behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

15   does not identify the specific Defendant by name on whose behalf it is filed.

16       (13)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

17   72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

18   under 28 U.S.C. § 636(b)(1).

19       DATED this 8th day of September, 2011.

20

21

22

23                    David G. Campbell
                      United States District Judge

24

25

26

27

28