MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Chapman Mach, | No. CV 11-1734-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff William Chapman Mach, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and has invoked the Court's supplemental jurisdiction over his state law claims. He has also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will order Defendants Ryan and Kendall to answer Counts One and Three of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants: the State of Arizona, the Arizona Department of Corrections (ADOC), ADOC Director Charles L. Ryan, and Facility Health Administrator Dennis R. Kendall.

In Count One, Plaintiff alleges that he was refused medical care in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff asserts that he sought medical attention for an inguinal hernia toward the end of 2009, that a doctor diagnosed him as having a "reducible inguinal hernia" that was outside the guidelines for surgical repair, that the doctor sought an exception to the surgery policy, but the exception was denied. He contends that a surgeon recommended surgery for the hernia in December 2010, but Defendants Kendall and Ryan denied Plaintiff's request for surgical repair of the hernia. Plaintiff contends that Defendant Ryan and Kendall were aware of the Plaintiff's suffering from the hernia, knew that the hernia could only be resolved by a simple surgical intervention, yet "elected to deny Plaintiff the necessary medical treatment, based solely on cost considerations."

In Count Two, Plaintiff alleges that Defendants have acted negligently, in violation of state tort law, based on their denial of medical care and "negligent omission to observe statutory mandates."    Plaintiff alleges that, pursuant to Arizona Revised Statutes § 31-201.01(F), "this tort claim runs only against the State of Arizona."

In Count Three, Plaintiff asserts that Defendants charge him a fee for his visits to the health clinic and that this fee "established a contractual relationship with Plaintiff, whereby Defendants agreed to provide medical care according to the norms established by the medical profession in the community at large." Plaintiff contends that Defendants have breached the contract by "disregard[ing] said norms" and "have arrogated unto themselves the right to define 'needed' medical care."

In his Request for Relief, Plaintiff seeks monetary damages.

## IV. Failure to State a Claim

### A. Improper Defendants

The State of Arizona and the Arizona Department of Corrections are not proper Defendants. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, as to Plaintiff's § 1983 claim, "a state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

In addition, although Arizona Revised Statutes § 31-201.01(F) amounts to a waiver of Arizona's immunity from suit *in its own courts*, the Supreme Court "consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh immunity in the federal courts." Pennhurst. 465 U.S. at 99 n.9. Courts should find waiver of a State's Eleventh Amendment immunity "only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909) (parenthesis in Edelman)). Arizona Revised Statutes § 31-201.01(F) contains no such language regarding Arizona's consent to be sued in federal courts.

Therefore, the Court will dismiss Defendants State of Arizona and Arizona Department of Corrections. Moreover, because Defendant State of Arizona is the only proper Defendant in Count Two, the Court will dismiss Count Two.

## V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated claims against Defendants Ryan and Kendall in Counts One and Three. The Court will require Defendants Ryan and Kendall to answer those claims.

. . . .

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Count Two and Defendants State of Arizona and Arizona Department of Corrections are **dismissed**.

1    (4)    Defendants Ryan and Kendall must answer Counts One and Three.

(5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Ryan and Kendall.

(6)    Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 8th day of September, 2011.

_____
David G. Campbell
United States District Judge