SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William C. Mach, | No. CV 11-1734-PHX-DGC (MEA) |
| Plaintiff, | |
| vs. | **ORDER** |
| Director Charles Ryan, et al., | |
| Defendants. | |

Plaintiff William C. Mach filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and invoked supplemental jurisdiction over a state law claim (Count III). (Doc. 1.) Defendants Kendal and Ryan move for partial dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, asserting that, as to the state-law claim, Plaintiff did not file a notice of claim and that punitive damages are not available. (Doc. 12.)

The Court will grant the motion as to punitive damages. As to the notice-of-claim issue, the Court will deny the motion without prejudice to resubmitting it as a motion for summary judgment.

**I.     Background**

In Count I, Plaintiff alleged that in violation of the Eighth Amendment, he was refused surgery for an inguinal hernia. (Doc. 1.) In Count III, Plaintiff asserted that Defendants charge him a fee for his visits to the health clinic and that this fee "established a contractual relationship with Plaintiff, whereby Defendants agreed to provide medical care according to

the norms established by the medical profession in the community at large." (Id.) Plaintiff claimed that Defendants have breached the contract.

## II.     Motion to Dismiss

Defendants move to dismiss Count III for failure to state a claim. (Doc. 12.)  In support of the argument on the notice of claim, they submit the declaration of Chris Austin of the Attorney General's Civil Division attesting that a review of the Notice of Claim Log and the Notice of Claim File show that Plaintiff has not filed notices of claims regarding breach of contract for medical treatment. (Doc. 13, Ex. 1, ¶¶ 2, 6.)

Plaintiff did not respond to the motion, although advised of his obligation to do so. (Doc. 15.)  Rather, he filed a Motion to Strike Pleadings, arguing that Defendants were in default. (Doc. 17.)  The Motion to Strike was denied January 6, 2012. (Doc. 21.)  He also sought a default judgment, which was denied. (Docs. 11, 16.)

### A.     Notice of Claim

As to the notice-of-claim issue, the Court will deny the motion without prejudice. First, the Court has already screened the Complaint pursuant to 28 U.S.C. § 1915A(a), which uses the same standard as Rule 12(b)(6), Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and found that it states claims against Defendants. Second, Defendants argue that Plaintiff did not allege in his Complaint that he filed a notice of claim and he did not attach one to the Complaint. (Doc. 12 at 4.) But Defendants provide no authority for the argument that Plaintiff must plead that he filed a notice of claim. Failure to file a notice of claim is an affirmative defense. See Lee v. State, 242 P.3d 175, 180 (Ariz. App. Div. 2010). In addition, courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  While a court may consider matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by Astoria Fed. Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)), Defendants provide no authority for considering the declaration. Finally, because Plaintiff would have to produce a copy of the notice of claim that he may have filed, the Court

1  believes Plaintiff should have received a notice pursuant to Rand v. Rowland, 154 F.3d 952,
2  962 (9th Cir. 1998) (*en banc*), advising him of the need to provide relevant documentation;
3  because Defendants filed their motion as one under Rule 12(b)(6), the Court did not provide
4  a Rand notice.  (See Doc. 15.)

### B.    Punitive Damages

Defendants also argue that under Ariz. Rev. Stat. § 12-820.04 "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages."  Furthermore, under Ariz. Rev. Stat. § 41-621(k) "[t]he state and its departments, agencies, boards and commissions are immune from liability for losses arising out of a judgment for willful and wanton conduct resulting in punitive or exemplary damages."

As noted, Plaintiff does not respond to this argument.  The allegations in the Complaint, taken as true, indicate that Defendants were acting within the scope of their employment.  The claims for punitive damages in Count III will be dismissed.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 12).

(2) Defendants Motion to Dismiss (Doc. 12) is **granted in part and denied in part** as follows:

(a) **granted** as to punitive damages in Count III, and the claim for punitive damages in Count III is dismissed; and

(b) **denied without prejudice** as to the notice-of-claim issue.

DATED this 23rd day of February, 2012.

_____
David G. Campbell
United States District Judge