SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William C. Mach, | No. CV 11-1734-PHX-DGC (SPL) |
| Plaintiff, | |
| vs. | **ORDER** |
| Director Charles Ryan, et al., | |
| Defendants. | |

    On September 1, 2009, Plaintiff William C. Mach, who is in the custody of the Arizona Department of Corrections, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)  He alleged that Defendants Ryan and Kendall refused to authorize surgical repair of Plaintiff's inguinal hernia and that they charged him a fee for his clinic health visits, thereby creating a contractual relationship, which they breached.  (Id.)  The Court ordered Ryan and Kendall to answer Counts I and III and dismissed the remaining count and Defendants. (Doc. 5.)

    Defendants now move to dismiss the action for Plaintiff's failure to comply with a discovery Order to provide or permit discovery.  (Doc. 33; ref. Doc. 31.)  The Court sent Plaintiff a Notice advising him of his obligation to respond to the Motion to Dismiss.  (Doc. 34.)  Plaintiff failed to file a response.  The Court will grant the motion.

1    On August 10, 2012, the Court granted Defendant's Motion to Compel Discovery
2 Responses and Disclosures. (Doc. 31.) Plaintiff was specifically ordered to provide his
3 Initial Disclosure pursuant to Fed. R. Civ. P. 26(a)[1] and to complete his responses to the
4 request for production of documents, including a signed authorization for his prison medical
5 records. Production was to take place on or before August 24, 2012. (Doc. 31.) The Order
6 provided that "Plaintiff should take note that if he fails to timely comply with this order, this
7 action may be dismissed." (Id. at 2.)

8    Defendants assert that Plaintiff has failed to provide the discovery responses or a
9 signed authorization. (Doc. 33 at 1-2.) They contend that it is impossible for them to defend
10 the claims or address the issues without the medical records. They argue that dismissal is
11 appropriate based on Plaintiff's prior correspondence with counsel and his failure to comply
12 with the Order. (Id. at 2; ref. Doc. 30.) In the correspondence, Defendants enclosed a
13 medical authorization and request for signature. Plaintiff responded that he "intend[s] to
14 suffer dismissal of captioned case, for failure to comply with discovery procedures, in order
15 to appeal—and thereby test the correctness of the Court's failure to enter default." (Doc. 30,
16 Exs. 1,2.)

17    Rule 37(b) sanctions may be issued if a party "fails to obey an order to provide or
18 permit discovery, including an order under Rule 26(f), 35, or 37(a)." Dreith v. Nu Image,
19 Inc., 648 F.3d 779, 787 (9th Cir. 2011) (quoting Federal Rule of Civil Procedure 37(b)(2)).
20 Sanctions may be imposed as long as a party has "unequivocal notice that a court has asked
21 that certain documents be produced." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg.
22 Corp., 982 F.2d 363, 368 (9th Cir. 1992) (citing Henry v. Sneiders, 490 F.2d 315, 318 (9th
23 Cir. 1974)). Rule 37(b)(2)(A)(v) specifically permits dismissing the action in whole or part
24 as a sanction for failure to obey a discovery order or to permit discovery.

25    The record demonstrates that Plaintiff had notice that the Court had ordered

---

[1] Plaintiff is exempted from the requirements of initial disclosure. Fed. R. Civ. P. 26(a)(1)(B)(iv).

- 2 -

compliance with certain discovery requests, including complete responses to the request for production of documents and a signed authorization. (Doc. 31.) Plaintiff does not claim that he did not have notice; indeed, he fails to respond to the Motion to Dismiss, just as he failed to respond to the Motion to Compel. Plaintiff has put his medical condition at issue but refuses to authorize release of his medical records. The Court will grant the motion.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn with respect to Defendants' Motion to Dismiss (Doc. 33).

(2) Defendants' Motion to Dismiss (Doc. 33) is **granted**.

(3) This action is **dismissed**, and the Clerk of Court must enter judgment accordingly.

DATED this 29th day of January, 2013.

*David G. Campbell*
United States District Judge